# United States Court of Appeals
## For the First Circuit

No. 13-2302

CASCADE YARNS, INC.,

Plaintiff, Appellant,

v.

KNITTING FEVER, INC.; DESIGNER YARNS, LTD.; EMMEPIEFFE, SRL;
FILATURA PETTINATA V.V.G. DI STEFANO VACCARI & C.(S.A.S.); SION
ELALOUF; JAY OPPERMAN; DEBBIE BLISS; DOES 1-5,

Defendants,

CASHMERE AND CAMEL HAIR MANUFACTURERS INSTITUTE,

Third Party, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

---

Robert J. Guite and Sheppard, Mullin, Richter & Hampton LLP on
brief for appellant Cascade Yarns, Inc.
Robert J. Kaler, and Holland & Knight, LLP on brief for
appellee Cashmere and Camel Hair Manufacturers Institute.

---

June 19, 2014

---

**LYNCH, <u>Chief Judge</u>**.  This appeal arises from a discovery dispute in litigation between two yarn manufacturers, Cascade Yarns, Inc. ("Cascade") and Knitting Fever, Inc. ("KFI"), in the Western District of Washington.  Cascade, the plaintiff in the Washington action, accused KFI of making false representations about the cashmere content of its yarns.

The recipient of the discovery request at issue in this case, Cashmere and Camel Hair Manufactures Institute ("CCMI"), is a nonprofit corporation that offers confidential tests of the fiber content of cashmere samples to its members, as well as retailers and suppliers of cashmere and camel hair goods.  CCMI is not a party to the Washington action, but Cascade subpoenaed documents from CCMI in Massachusetts related to its confidential fiber testing program and possible correspondence with KFI.  Not satisfied with the redacted documents CCMI had produced in response to the subpoena, Cascade moved to enforce the subpoena in Massachusetts federal district court, arguing that the documents it sought from CCMI were relevant to its claims against KFI.  A magistrate judge denied Cascade's motion to compel, and the district court affirmed the magistrate judge's order.  Though faced with a formidable abuse of discretion standard of review and the dismissal of all of its claims in the Washington case, Cascade, undaunted, has appealed.  Finding there was no abuse of discretion in the denial of this discovery, we affirm.

-2-

On May 24, 2010, Cascade sued KFI in federal district court in Washington asserting, inter alia, unfair competition and RICO claims based on KFI's alleged mislabeling of the cashmere content of some of its yarns. On May 18, 2011, Cascade served a subpoena on CCMI seeking two categories of documents: (1) CCMI's correspondence with KFI or its agents; and (2) "[a]ll documents related to yarn distributed by [KFI], such as [a] request for fiber testing or results of such a test." The subpoena listed twelve brand names under which KFI yarns are sold but indicated that the request was not limited only to those brands.

CCMI objected to the subpoena but produced 101 documents on August 19, 2011, which it had redacted and designated as "highly confidential" as permitted by a Stipulated Protective Order in the Washington action.[1] The documents included eleven requests for fiber-content testing of yarn samples in 2006 and responses thereto; CCMI had redacted the names of the parties making those testing requests.

In a letter to CCMI's counsel, Cascade's counsel disagreed that the documents were "highly confidential" and sought production of additional documents, including correspondence between CCMI and KFI. CCMI refused to waive the confidentiality of

---

[1] The Washington district court later ruled that the documents ought be marked as only "confidential," not "highly confidential," pursuant to its order.

the documents it had produced and objected to the balance of Cascade's subpoena as "overbroad, unduly burdensome, and [requiring CCMI] to search through years of its files looking for information of marginal relevance to the basic issues in [Cascade's] case."

On December 8, 2011, Cascade moved to compel CCMI's compliance with the subpoena in Massachusetts federal district court. Cascade asserted that the documents it sought were relevant to its case as plaintiff -- that is, to its unfair competition and RICO claims against KFI -- because (1) they relate to yarn products that Cascade alleged were mislabeled and (2) unredacted copies of the testing requests that CCMI had produced might show KFI's knowledge of its cashmere mislabeling. CCMI opposed the motion on January 6, 2012. KFI chose not to get involved in this discovery dispute.

Cascade's motion was referred to a magistrate judge, who held a hearing on February 2, 2012. At that hearing, CCMI's attorney stated that KFI had not submitted any yarn samples to CCMI for testing and that the requests for testing of KFI yarns had mostly come from small retailers. These non-party smaller retailers, in turn, had relied on CCMI's promise of confidentiality. CCMI also explained that the test results had, at best, limited probative value to Cascade's mislabeling claims because they were merely preliminary scans of the fiber content of the submitted yarn samples.

The magistrate judge denied Cascade's motion on February 6, 2012 "for reasons set forth in the opposition of [CCMI], a non-party to the underlying litigation." The order cited Fed. R. Civ. P. 26(b)(2)(C)(iii), which directs a court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." The magistrate judge, citing Continental Datalabel, Inc. v. Avery Dennison Corp., No. 10-mc-10176-RGS, 2010 WL 2473154 (D. Mass. June 15, 2010), gave special consideration to CCMI's status as a non-party without any interest in the underlying dispute between the two yarn manufacturer parties, neither of whom was a dues-paying member of the nonprofit. See id. at *1 (denying motion to enforce subpoena on non-party where non-party had already complied with requests that were not overbroad or intrusive). The magistrate judge also viewed Cascade's request for CCMI's confidential test results of the cashmere content of sample yarns as more or less an attempt to co-opt CCMI's expertise and imprimatur for its own benefit (and without payment). See In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig., 249 F.R.D. 8, 12-13 (D. Mass. 2008).

The district court affirmed the magistrate judge's order, to which Cascade had objected, on September 20, 2013. See Fed. R. Civ. P. 72(a) (directing district court to modify or set aside a magistrate judge's order in a nondispositive matter if it is "clearly erroneous" or "contrary to law").

-5-

While CCMI and Cascade have litigated this discrete discovery dispute in Massachusetts district court, several developments in the underlying Washington action have greatly narrowed the relevance of the documents Cascade seeks from CCMI. First, by October 2012 -- months before the Massachusetts district court affirmed the discovery ruling in favor of CCMI -- the Washington district court had already dismissed all of Cascade's claims against KFI.[2]  See Cascade Yarns, Inc. v. Knitting Fever, Inc., 905 F. Supp. 2d 1235 (W.D. Wash. 2012); Cascade Yarns, Inc. v. Knitting Fever, Inc., No. C10-861RSM, 2012 WL 2565067 (W.D. Wash. Jun. 29, 2012).  Second, the Washington district court also dismissed KFI's counterclaims against Cascade alleging that Cascade had made false statements regarding the cashmere content of KFI's yarns.[3]  See Cascade Yarns, Inc. v. Knitting Fever, Inc., No. 2:10-cv-00861 (W.D. Wash. Sep. 10, 2013), ECF No. 962.  When Cascade entered the notice of appeal in this case, only KFI's counterclaims alleging Cascade's false statements as to the milk protein fiber

---

[2]  In April 2013, Cascade filed a new suit against KFI alleging that KFI had failed to properly identify the country of origin of certain yarns.  Cascade does not argue that the discovery it seeks from CCMI is relevant to these new claims.

[3]  The Washington district court denied KFI's first motion for reconsideration of the district court's dismissal of counterclaims related to its cashmere labeling on April 14, 2014.  On April 24, 2014, KFI filed a second motion for reconsideration, which is currently pending before the district court.

content of its yarns had not been dismissed. Cascade's original claims against KFI did not concern the milk fiber content of yarns.

Given that CCMI tests only for cashmere fibers, not milk protein, the requested documents are now arguably relevant only to a much narrower set of issues. As to the second category of requested documents, Cascade contends that disclosure of the identity of the retailers that submitted the KFI yarn testing requests to CCMI is now relevant to KFI's damages against Cascade arising out of pending counterclaims. The argument is that those requests are relevant because they show another reason, independent of Cascade, for retailers to have stopped purchasing KFI yarns. Cascade also asserts that evidence that KFI relied on analysis done by Professor Kenneth Langley, retained by CCMI to do preliminary fiber testing, could support a defense for Cascade of "unclean hands."

As to the first category of subpoenaed documents, CCMI's correspondence with KFI or its agents, Cascade makes no specific claim of relevance to the now-narrowed issues pending in the Washington action. Cascade complains only that CCMI has withheld responsive documents. CCMI has represented to this court, however, that it has not had any correspondence with KFI or its agents.[4]

_____

[4] CCMI's counsel explained that he has communicated with KFI's counsel regarding CCMI's objections to a similar subpoena it received several months earlier in a separate action brought against KFI in the United States District Court for the Eastern District of Pennsylvania. The plaintiff in that case, a KFI

-7-

II.

We reject CCMI's threshold argument that the appeal is moot given the status of the Washington action. Whether the appeal was worth pursuing is a different matter than whether it is moot.

Cascade has explained that the documents it seeks are still relevant to its defense against counterclaims that were not dismissed. In addition, there is still a motion for reconsideration pending before the Washington district court that concerns KFI's cashmere-related counterclaims. As a result, we decide this appeal on the merits.

Discovery orders are reviewed for abuse of discretion. Cusumano v. Microsoft Corp., 162 F.3d 708, 713 (1st Cir. 1998). "Under that standard, 'we may reverse a district court only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.'" In re Subpoena to Witzel, 531 F.3d 113, 117 (1st Cir. 2008) (emphasis added) (quoting Saldana-Sanchez v. Lopez-Gerena, 256 F.3d 1, 8 (1st Cir. 2001)).

We decline to disturb the district court's ruling that Cascade's interest in the contested discovery, even at the time of that ruling, was slim compared to the burdens on the opponent of

customer, was represented by the same attorneys representing Cascade in the pending Washington action against KFI. The district court in Pennsylvania dismissed the case in March 2013. Cascade does not argue that this correspondence between attorneys is relevant to the Washington action.

the discovery, CCMI. The district court accorded appropriate weight to the fact that CCMI is a stranger to the underlying litigation. <u>Cusumano</u>, 162 F.3d at 717 ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); <u>cf.</u> <u>Heidelberg Ams., Inc.</u> v. <u>Tokyo Kikai Seisakusho, Ltd.</u>, 333 F.3d 38, 42 (1st Cir. 2003) (upholding district court order quashing subpoena on non-party to underlying litigation where there was imbalance between the need for the subpoena and the burden sought to be placed on the non-party).

Cascade's arguments do not overcome the "high hurdle" of showing a discovery order is both "plainly wrong" and has resulted in "substantial prejudice." <u>In re Subpoena to Witzel</u>, 531 F.3d at 117. Cascade has not even bothered to address the "substantial prejudice" prong of the review standard, which is itself a sufficient basis for upholding the challenged discovery ruling. <u>See</u> <u>id.</u> at 120. As to the "plainly wrong" element, Cascade relies primarily on a factually distinct, unpublished case from the District of Maine, <u>McFadyen</u> v. <u>Duke University</u>, No. 2:12-mc-196-KHR, 2012 WL 4895979 (D. Me. Oct. 12, 2012).[5]

---

[5] In <u>McFadyen</u>, the defendant, Duke University, sought correspondence between a non-party academic and the plaintiffs, former members of the Duke lacrosse team. The plaintiffs had sued Duke University over its handling of an investigation regarding a dancer who had accused Duke lacrosse team members of certain crimes in 2006 after she had performed at a team party. The plaintiffs admitted they had given interviews to the academic on this very

Cascade also makes the bold assertion that the magistrate judge's order, which the district court affirmed, lacked a legal and factual basis. That order cited both rules and case law, which were directly relevant. The discovery order was plainly not "based on an incorrect legal standard or a misapplication of the law." Ji v. Bose Corp., 626 F.3d 116, 122 (1st Cir. 2010) (quoting In re Subpoena to Witzel, 531 F.3d at 117) (internal quotation mark omitted). The district court's factual findings, including that CCMI was a disinterested party to the Washington action, are also supported by the record. Accordingly, there was no abuse of discretion even well before the Washington court pared down the litigation before it.

## III.

For the reasons stated, the district court's order denying Cascade's motion to enforce the subpoena is affirmed.

Costs are awarded to CCMI.

---

topic, and the district court enforced the subpoena, reasoning that the plaintiffs could not "invo[ke] the shield of privacy while pursuing claims against Duke based upon the very events about which they spoke with [the academic]." 2012 WL 4895979, at *4. In contrast, here, CCMI has represented that it has neither corresponded with nor received test requests from KFI.